*607 Relator, Colony Insurance Company, seeks review of the trial court’s January 8, 2016 judgment denying its motion for summary judgment. Because we find the Colony policy at issue does not provide coverage for plaintiffs claims, we reverse the trial court judgment, grant summary judgment in favor of Colony and dismiss plaintiffs claims against Colony with prejudice.
On February 9, 2013, plaintiff, Nicole Dotson, slipped and fell at an event at the Regency Reception Hall located at 7300 Downman Road in New Orleans. Plaintiff timely filed a petition for damages against the owner of the reception hail, Regency Park Townhome Owners Association (“Regency Park”), and its insurer. Regency Park answered the petition and filed a third party demand against KMP, LLC and Colony Insurance Company.
12According to Regency Park’s third party demand, KMP leased the reception hall from Regency Park for the period of August 1, 2009 through July 31, 2014. The lease allegedly required KMP, among other things, to maintain commercial general liability insurance naming Regency Park as an additional insured and to indemnify and defend Regency Park as to all claims arising out of the 'use of the premises. Regency Park further alleged that KMP obtained a commercial general liability insurance policy from Colony, which provides coverage to Regency Park as an additional insured for claims asserted by plaintiff.[1] The named insured listed on the insurance policy is KMP, LLC/Kurte Pellerin (“KMP”). The policy stated that the policy period was from October 31, 2012 through October 31, 2013, but the policy was cancelled on December 20, 2012 due to nonpayment to the finance company. Plaintiffs accident occurred after the policy was cancelled.
On August 31, 2015, Colony filed a motion for summary judgment arguing that the insurance policy does not afford coverage for plaintiffs claims and Colony does not owe defense and indemnity to Regency Park,. Regency Park and plaintiff .opposed the motion for summary judgment, arguing that Regency Park was an additional insured under the Colony policy, and that Colony failed to properly provide notice to KMP and Regency Park prior to cancellation of the policy. Following a hearing on December 10, 2015, the trial court denied Colony’s motion for summary judgment, finding that genuine issues of material fact remain. ’
Colony timely filed this writ application, arguing that the trial court erred in denying its motion for summary judgment. Specifically, Colony argues that there are no issues of fact that the policy was properly cancelled prior to plaintiffs accident, the policy does not afford coverage for plaintiffs claims and Colony is not obligated to defend any party against plaintiffs claims.
| .¡Appellate courts review rulings on motions for summary judgment de novo, utilizing the same criteria applied by the trial courts to determine .whether summary judgment is appropriate. Hooper v. Brown, 2015-0339 (La.App. 4 Cir. 5/22/15), 171 So.3d 995, 999. At the time of the hearing on the motion for summary judgment, Louisiana Code of Civil Procedure article 966 provided that summary judgment shall be granted “if the pleadings, depositions, *608 answers to interrogatories, and admission, together with the affidavits, if any, admitted for .purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The applicable version of La. C.C.P. art. 966(C)(2) set forth the burden of proof on a motion for summary judgment as follows:
■ The burden of proof remains with the movant. However, if the- movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence , of factual support for one or more elements essential to the .adverse, partjds claim,action, or defense. Thereafter, if the adverse’ party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact,
Both Regency Park and plaintiff contend that under La. R.S. 9:3550, entitled “Insurance Premium Finance Companies,” Colony was required to provide notice of the insurance policy cancellation[2]. La. R.S. 9:3550 specifies acts to be | ¿performed by the premium finance company ’in order to cancel an insurance contract.- In this matter, the policy was not cancelled by the insurer, Colony, but by the named insured, KMP, through power of attorney held by the premium finance company. Capital Premium Financing, Inc., the premium finance company in this matter, not Colony, was responsible for notifying the insured, KMP, and its agent of the cancellation of *609 the insurance policy,[3] The only notification requirements placed upon the insurer in La. R.S. 9:3550 are stated in Section (G)(4) as follows:.
Upon receipt of the notice of cancellation, the insurer shall give notice to any governmental agency, holder of a security interest in the insured property, or other third party as shown in the records of the insurer requiring statutory, regulation, or contractual notice and which were not given by the premium finance company as provided in, Paragraph (3) of this Subsection. The insurer shall give the prescribed notice on behalf of itself or the insured to any , governmental agency, | ¡¡holder of a security interest in the insured property, or third party on or before the fifth business day after the day it receives a copy of the notice of cancellation from the insurance premium finance company and shall determine the effective date of cancellation taking into consideration the number of days notice required to complete the cancellation if such notice is given by the insurer, otherwise the effective date of cancellation shall be calculated from the date the premium finance company sent the notice to such governmental agency, holder of. a security interest in the insured property, or other third party taking into consideration the number of days notice required to complete the cancellation.
Regency Park is not listed as an additional insured on the policy -or named in the premium finance agreement.[4] There is no evidence that Regency Park was entitled to notice of cancellation by the insurer pursuant to La. R.S. 9:3 550(G)(4). Thus, Colony was under no obligation to notify Regency Park when Colony received notice of cancellation.
On December 6,2012, Capital sent KMP and its agent a notice of -intent to cancel the insurance coverage indicating that the policy coverage would be cancelled on December 20, 2012 if the past due amount was not received by Capital prior to the cancellation date. On December 20, 2012, Capital provided Colony, KMP and KMP’s agent with notice that KMP’s premium finance agreement was in default, and that the policy was' cancelled. Because the policy was cancelled on December 20, 2012, it was not in effect at the time of the plaintiffs accident on February 9, 2013.
Because wfe’ find that no genuine issues of material fact remain and that the Colo *610 ny policy does not afford coverage for plaintiffs claims, we find the trial court erred in denying Colony’s motion for summary judgment. We reverse the |fitrial court judgment, and render judgment granting summary judgment in favor of Colony. Plaintiffs claims against Colony are hereby dismissed with prejudice.
/s/Madeleine M. Landrieu JUDGE MADELEINE M. LAN-DRIEU
/s/Dennis R. Bagneris, Sr. JUDGE DENNIS R. BAGNERIS, SR.
/s/Rosemary Ledet JUDGE ROSEMARY LEDET

. Subsequent to Regency Park’s filing of its answer and third party demand, plaintiff filed a first amended and supplemental petition for damages naming KMP and Colony as additional defendants to the main demand.

. La. R.S. 9:3550(G) provides in pertinént part:
G, Insurance contracts may be canceled upon default as follows:
(1) When a premium finance agreement contains a power of attorney enabling the insurance premium finance company to cancel any insurance contract, or contracts, or endorsements listed in the agreement, the insurance contract, or contracts, or endorsements shall not be canceled by the insurance premium finance company unless such cancellation is effectuated in accordance with this Subsection.
(2) Upon default of the insurance premium finance agreement by the debtor, the premium finance company shall mail or send an electronic notice of cancellation to the insured, at his last known mailing or electronic address as shown on the records of the insurance premium finance company. In the event the default is timely cured, the premium, finance company shall, within three business days- from the time the default was cured, mail or send electronic notice of rescission of the cancellation notice to the insured, at his last known mailing or electronic address as shown on the records of the premium finance company and to all other parties who had previously been sent notice of cancellation. In the event the default is not timely cured as provided' herein and the insurance policy is canceled pursuant to the terms of the insurance premium finance agreement, a copy of the notice of cancellation of the. insurance contract shall also be sent to the insurance agent negotiating the related insurance contract whose name and place of business appears on the insurance premium finance agreement. Such notice of cancellation shall also state the name of any governmental agency, holder of a security interest in the insured property, or third party also requiring notice of cancellation as shown on the insurance premium finance agreement.
(3)(a) Ten days after notice of cancellation has been mailed to the insured, if the default has not been cured, the insurance premium finance company may thereafter effect cancellation of such insurance contract, or contracts, or endorsements by sending to the insurer, by depositing in the mail or with a private carrier, or via electronic mail, within five business days after the date of cancellation...

. According to the insurance premium finance agreement, Capital was granted power of attorney for Colony. Additionally, the insurance premium finance agreement stated in part as follows:
Capital may cancel the insurance policies, declare the entire amount of loan immediately due and payable, with or without recourse to any security for the debt and collect the entire unpaid balance due, if any, Borrower agrees to indemnify and hold Capital harmless from any third party claims that arise, either directly or indirectly, from Capital's cancellation, pursuant to the power of attorney granted to Capital herein....
[[Image here]]
Borrower and Producer agree that the liability of Capital tó any person or corporation upon the exercise of the power of attorney contained herein shall be limited to the amount of the principal balance.

. At no time prior to cancellation was Regency Park named as an additional insured under the policy. The fact that 'Regency Park was listed as an1 additional insured on'the certificate of insurance did not. confer rights upon Regency Park under the policy. The certificate states that.it.does not constitute, a contract between the insurer and the certificáte holder, and conférs no tights upon the certificate holder. Further, it states that if the certificate . holder is an additional insured, the policy (must be so endorsed. The policy was never endorsed to add Regency Park as a named insured.